UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICHOLAS PATRICK,

    Plaintiff,

v.

McKINNON, et al.,

    Defendants.

No. 2:17-cv-2083-EFB P

ORDER

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has also filed an application to proceed in forma pauperis (ECF No. 2). The request is granted, but his complaint must be dismissed with leave to amend.

<u>Application to Proceed In Forma Pauperis</u>

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).[1] Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

---

[1] The court notes that, on October 11, 2017, plaintiff became a "three-striker" within the meaning of § 1915(g). *See Patrick v. Altshuler, et al.*, 2:17-CV-1046 AC P, ECF No. 9. This complaint and application to proceed in forma pauperis were filed on October 6, 2017, just prior to the third strike dismissal and thus § 1915(g) does not mandate denial of this motion. *See O'Neal v. Price*, 531 F.3d 1146, 1151-52 (9th Cir. 2008).

Screening

I. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The screening obligation applies where a complaint is removed from state court. *See, e.g.*, *Morris v. Horel*, 2008 U.S. Dist. LEXIS 56938, 2008 WL 686874, *1 (N.D. Cal., March 12, 2008) (screening civil rights action removed from state court pursuant to Section 1915A). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original)
/////

(quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

II. Analysis

Plaintiff alleges that, on four separate dates, defendant Pierce subjected him to verbal sexual harassment. ECF No. 1 at 6-9. The Ninth Circuit has held that, as a general rule, allegations of verbal harassment do not state a viable claim under section 1983. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). This general rule applies to verbal sexual harassment. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) ("the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment."). A claim for verbal harassment succeeds only where the offending comments were "gross even for a prison setting and were calculated to and did cause [plaintiff] psychological damage." *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998).

Plaintiff's allegations against Pierce, taken as true, do not implicate conduct that is "gross even for a prison setting." First, plaintiff alleges that Pierce "looked down at the penis imprint of [plaintiff's] boxer shorts" when Pierce delivered a lunch tray. ECF No. 1 at 6. Plaintiff does not allege that Pierce made any harassing comments or actually made any physical advances toward him on this occasion. Second, plaintiff alleges that on a two other occasions, Pierce made crude sexual comments, intimated that plaintiff was homosexual, and, while standing on the other side of a closed cell door, briefly exposed his buttocks to plaintiff. *Id.* at 7-8. Finally, plaintiff alleges

that, on another occasion Pierce handed plaintiff a piece of fruit as part of his breakfast tray. *Id.* at 9. While both men gripped the piece of fruit, Pierce pulled the fruit toward and against the crotch of his pants. *Id.* Pierce then threw the fruit into the cell. *Id.* This behavior, assuming the allegations are true, is unprofessional and dismaying and perhaps warrants corrective or disciplinary intervention. It does not, however, offend the Eighth Amendment. *See, e.g.*, *Minifield v. Butikofer*, 298 F. Supp. 2d 900, 902-03 (N.D. Cal. 2004) (sexual comments and gestures by two officers did not implicate Eighth Amendment where neither officer exposed his genitals or touched the prisoner in a sexual manner).

And plaintiff's complaint also fails to state viable claims against the other defendants. First, it is unclear what claims, if any, plaintiff intends to bring against defendants Lamb and Gagnon, neither of whom are accused of any misconduct in the complaint. Second, plaintiff's claims against defendants Altschuler and Vega are vague. He alleges that other defendants have declined to report defendant Pierce's misconduct because they are afraid of Altschuler and Vega. ECF No. 1 at 9. It is entirely unclear from the complaint why other defendants are purportedly afraid of Altschuler and Vega, however. Third, plaintiff's claims against defendants Emerson, Marcas, Dumlao, Caplan, and McKinnon relate exclusively to their proximity to and failure to prevent or ameliorate Pierce's misconduct. *Id.* at 6-9. Given that the court has found that plaintiff's claims against Pierce do not violate the constitution, it also finds that other defendants' failure to intercede also fail to state a cognizable constitutional claim. *See Taylor v. O'Hanneson*, 2014 U.S. Dist. LEXIS 177347, *33, 2014 WL 7359185 (E.D. Cal. Dec. 24, 2014) ("The failure to intervene is a theory of liability that derives meaning from the underlying violation (here, excessive force), not a separate claim.").

Based on the foregoing, plaintiff's complaint will be dismissed with leave to amend.

<u>Leave to Amend</u>

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v.*

4

*Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

<u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's complaint is dismissed with leave to amend within 30 days of service of this order; and

4. Failure to comply with this order may result in dismissal of this action.

Dated: July 17, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE